Morphy, J.
delivered the opinion of the court.
William Brand is sought to be made liable on a bail bond, which he had executed as surety of defendant. His main defence is that the return of the sheriff on the fieri facias issued in this case, was not such as the law requires, and did not authorize the issuing of a ca/pias ad satisfaciendum. ■
The return is in the following words, to wit: “ Received January 9th, 1840, and seized in the hands of William Brand, the goods and chattels, lands and tenements, moneys, effects and property of any kind which he might have [415] in his possession or under his control belonging to the defendant', to an amount sufficient to satisfy this suit, of which seizure nothing came into the hands of the sheriff; no other property found.”
The record shows that four days after this writ had issued, the counsel for the plaintiff on a suggestion to the court, that his client had reason to believe that W. Brand had property or money in his possession belonging to the defendant, moved for and obtained an order citing Brand, to answer inteiTOgatories touching said property or money. No answers appear to have been made to these interrogatories, nor do we find any further proceedings in relation to them on the part of the plaintiff.
*253 This return does by no means show that the sheriff could find no property to seize. It* states on the contrary that a seizure of property was made, but of which nothing came into his hands. Of what that property consisted, or why nothing came into the hands of the sheriff, we are uninformed; but, that something was found and seized, would seem to result from the last words of the return; “ no other property found." When rights and credits are seized ; if they are not sold and money made out of them, nothing goes into the hands of the sheriff, and he might make the above return. There is nothing then which shows that no property was found to be seized. Before taking out a ca. sa. the plaintiff should have accounted for the property seized, whatever it was. Under an alias fi. fa. it might have been disposed of and the judgment satisfied out of its proceeds. At all events, the proceeding begun under the 13th section of the Act of 1839, amending the Code of Practice, should have been followed up. The answers of the garnishee would have shown what property, if any, was seized. As it stands before us this return offers no evidence of the fact which alone can authorize the issuing of a capias ad satisfaciendum; to wit, the absence of property found to be seized. But admitting it shows that no property was found, this return is defective in another material point. It does not show as required by the Code of Practice, that demand was made of the parties. When by his [416] own exertions the sheriff cannot find effects to satisfy an execution, he must under the law call on defendant to point out property; if none is shown, application must be made to the judgment creditor. It is-only after these steps have proved ineffectual that the sheriff is authorized to report that he has found no property to seize. Oode of Practice, arts. 726, 727. This court has held, (4 La. Bep. 301,) that to enable a plaintiff to proceed against a surety on an appeal bond, the sheriff’s return must state that “he has found no property to seize notwithstanding the demand made of the parties.” We cannot see why less should be required in a suit on a bail bond. It is said that this requisition is conditional; that the demand is to be made only in case no property is found by the sheriff to be seized. The argument places the counsel in this dilemma; if property was seized, no ca. sa. could issue until it was sold to satisfy the judgment; if no property was found to be seized, then according to the articles above quoted, a demand should have been made of the parties.
It might be urged that in this case no demand could be made of defendant because he left the State immediately after the service of the citation. Admitting this excuse to be good, although a demand could have been made of the curator ad hoe appointed to represent him, it only rendered the mox’e necessary the demand required to be made of the judgment creditor; and the sheriff's retuxm should have shown either a demand of the parities, or some impossibility, such as their absence, to prevent his making a demand. In cases like the present the law should be strictly pursued; and a surety cannot be called .upon to pay, if any of the steps provided for the seizure of the principal’s property have been omitted.
It is therefore ordered, that the judgment of the district court be re *254 versed, and that there'be judgment for the defendant in the rule, as in case of nonsuit, with costs in both courts.